IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL CORY SEVERSON,<br><br>Defendant. | Cause No. 14-07-BLG-SPW<br><br><br>ORDER |

Defendant Severson moves the Court to reduce the sentence under 18 U.S.C. § 3582(c)(1)(A). He is serving a 130-month sentence for federal drug and firearms offenses. *See* Judgment (Doc. 56). His projected release date is April 11, 2023. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed Nov. 9, 2021).

Last December, this Court denied Severson's motion for compassionate release because he did not meet the criteria of the applicable guideline, U.S.S.G. § 1B1.13. *See* Order (Doc. 72). Subsequently, the Ninth Circuit Court of Appeals held that the guideline applies only to motions filed by the Director of the Bureau of Prisons, not to motions filed by prisoners. Severson's case was therefore remanded. *See* 9th Cir. Mem. (Doc. 77) at 1–2.

On July 28, 2021, the Court appointed counsel to represent Severson. *See*

1

Orders (Docs. 80, 82). Counsel filed a supplemental motion and the United States a response.

## I. Legal Framework

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce a sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Generally, courts first consider whether the prisoner has shown an extraordinary and compelling reason that could warrant a reduction, then consider the factors in § 3553(a), to the extent they apply, to determine whether to make a reduction. *See, e.g.*, *United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021) (per curiam); *United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021) (per curiam).

The statute provides that any sentence reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018). As mentioned, however, the Ninth Circuit holds that district courts may take U.S.S.G. § 1B1.13 into account, but it is binding only when the Director has filed the motion. *See Aruda*, 993 F.3d at 802; *see also Bryant v. United States*, No. 20-1732 (U.S. pet. for cert. filed June 10, 2021).

Pertinent factors under § 3553(a) include the "nature and circumstances of

2

the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants and provide restitution to victims. *See id.* § 3553(a)(4), (6)–(7).

To date, the Ninth Circuit has not decided whether a district court may consider other legislative or common-law developments in sentencing law in deciding whether a prisoner has shown an "extraordinary and compelling reason" to reduce his sentence. Appellate courts have taken various views of the question.[1] *See, e.g., United States v. Black*, 999 F.3d 1071, 1075–76 (7th Cir. 2021).

## II. Discussion

### A. Reason for Release

Severson is now 52 years old and has served about 93 months of his 130-

---

[1] The United States Supreme Court will decide whether a district court may or must consider such developments in deciding whether to reduce a sentence under § 404(b) of the First Step Act, which applies to defendants sentenced for offenses involving crack cocaine. *See Concepcion v. United States*, No. 20-1650 (U.S. cert. granted Sept. 30, 2021). The Court's analysis of the question in that case might or might not be relevant to motions filed under § 603(b) of the First Step Act, which authorized prisoners' motions for compassionate release.

3

month sentence. In its initial order denying his motion for compassionate release, the Court found that his diabetes, asthma, and obesity increased his risk of developing severe illness should he contract COVID-19. It also found that his "conditions are well-controlled" and "his risk does not appear to be extreme." *See* Order (Doc. 72) at 3; *see also* Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Oct. 14, 2021, and accessed Nov. 9, 2021). Neither party has updated Severson's medical status.

Severson also asks the Court to consider Congress' amendment of the safety valve provision of 18 U.S.C. § 3553(f). *See* Supp. Mot. (Doc. 83) at 4–7. But he pled guilty to possessing firearms in furtherance of his drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A), *see* Judgment (Doc. 56) at 1, and officers found more than a dozen handguns, rifles, and shotguns in Severson's shop, *see* Presentence Report ¶¶ 11–13. A person who possesses firearms in connection with a drug trafficking offense is not eligible for the safety valve. *See* 18 U.S.C. § 3553(f)(2). The safety-valve argument does not work.

Severson also contends that "negotiations" between the parties would be different under current law due to the "drugs minus two" reduction under Guideline Amendment 782. *See* Supp. Mot. at 6–7. The reduction was applied as

4

a downward variance at sentencing. *See* Statement of Reasons (Doc. 57) at 3 ¶ VI(D); *see also* Order Denying Mot. to Reduce Sentence (Doc. 64) at 1–2.

Severson's medical conditions make enough of a showing of an extraordinary and compelling reason to consider the factors under 18 U.S.C. § 3553(a). But, especially considering the availability of highly effective vaccines, those factors would have to strongly and unambiguously support release in order to justify granting his motion.

## B. Section 3553(a) Factors

As the Court stated in its prior order, Severson was "a productive member of his community prior to succumbing to his addiction to methamphetamine and engaging in criminal conduct." Statement of Reasons (Doc. 57) at 4 § VIII. Due to that addiction, he "supplied large amounts of methamphetamine to the community" and accumulated well over a dozen handguns, shotguns, and rifles. These weapons were ready at hand in the shop where Severson kept his methamphetamine—seventeen ounces of it on the day a search warrant was executed. *See* Offer of Proof (Doc. 34) at 6; Presentence Report ¶ 13.

Severson had no prior felony convictions, but over 20 years he compiled a string of offenses demonstrating his willingness to take other people's property, *see* Presentence Report ¶ 69; *see also id.* ¶¶ 77, 78; disregard the law, *see id.* ¶¶ 66,

5

70–73; and lie to law enforcement officers, *see id.* ¶¶ 67, 69; *see also id.* ¶ 77 (charge pending in 2014). On one occasion, a suspended sentence was revoked for failure to comply with conditions, *see id.* ¶ 68, and Severson was arrested on two other occasions for violating conditions of release and for failing to appear as ordered, *see id.* ¶¶ 80–81.

Conduct of this nature does not bode well for early release, which relies heavily on the defendant's ability to comply with every condition of his supervised release.

Severson also received significant lenience at sentencing. In addition to the mandatory minimum five-year consecutive sentence under § 924(c), he faced a ten-year mandatory minimum that was not enforced against him. *See* Indictment (Doc. 1) at 2–3. For various reasons, the Court varied or departed downward on the drug counts, reducing what would have been an advisory guideline range 108 to 135 months to a range of 70 to 87 months. *See* Statement of Reasons (Doc. 57) at 1 § III, 4 § VIII. Severson was sentenced at the low end of that range. At the time of sentencing, the Court found a sentence of 70 months on the drug counts, plus 60 months on the gun count, to be the lowest reasonable sentence that was "sufficient" and yet "not greater than necessary," 18 U.S.C. § 3553(a), to protect the public, avoid unwarranted disparities with similarly situated defendants, and

acknowledge and punish the significant danger created by Severson's combination of large amounts of methamphetamine with large numbers of firearms. *See* Statement of Reasons at 4 § VIII.

### C. Conclusion

Severson received significant breaks at sentencing. His medical conditions are not so concerning as to justify reducing his sentence to time served. *See Keller*, 2 F.4th at 1284. His needs will be better served by spending as much of his remaining 17 months as possible in a prerelease center prior to his release. *See* 18 U.S.C. § 3621(b).

Accordingly, IT IS ORDERED that Severson's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 67, 78, 83) is DENIED. The Court RECOMMENDS that Severson be placed in a residential reentry center for the maximum possible period of time.

DATED this 9th day of November, 2021.

Susan P. Watters
United States District Court